

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/04/2008

| | | |
|---|---|---|
| IN RE: | § | |
| KIRK J. CRANDALL | § | CASE NO: 08-30044 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| DISCOVER BANK | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-3123 |
| | § | |
| KIRK J. CRANDALL | § | |
| Defendant(s) | § | |

### MEMORANDUM OPINION FINDINGS AND CONSLUSIONS CONCERNING JUDGMENT DENYING DISCHARGEABILITY OF DEBT

Discover Bank, Issuer of the Discovery Card ("Discover") objects to dischargeability of the balance due on Debtor's Discover card on the date that this bankruptcy case was filed. Discover contends that Debtor must have known that he would not be able to repay a charge for $8,007 that he made shortly before filing his bankruptcy petition and therefore the debt is not dischargeable because it was incurred by false pretenses, a false representation, or actual fraud. This memorandum opinion addresses the level of proof required to obtain a default judgment on those allegations. The Court declined to issue a judgment for Discover on the basis of conclusory allegations in the complaint even when supported by an affidavit from Discover's substitute custodian of records. But the Court concludes that there is sufficient circumstantial evidence in a supplementary affidavit to satisfy the 5th Circuit test in *AT&T Universal Card v. Mercer*, 246 F.3d 391 (5th Cir. 2001). Therefore, by separate written judgment issued this date, judgment is awarded in favor of Discover.

### I.   PLEADINGS AND PROCEDURAL STATUS

Debtor filed a voluntary petition commencing a case under chapter 7 of the Bankruptcy Code on January 4, 2008. Discover timely filed an adversary proceeding objecting to dischargeability of its claim under Bankruptcy Code §523(a)(2).

The complaint alleges that Debtor used his Discover Card to incur charges of $8,007.00 shortly prior to the filing of the bankruptcy petition and that (by presenting his card) Debtor falsely represented an intention and ability to repay the amounts charged.

At a pretrial conference on June 17, 2008, the Court issued a Case Management Order which set forth the burden that Plaintiff would be required to meet to obtain a default judgment. Discover met some of those requirements by providing an affidavit that Debtor had been

properly served, that Debtor was not a minor or a service-member, and that Debtor had failed "to plead or otherwise defend".[1]  Therefore Debtor's default was entered on July 21, 2008.

In the case management order, the Court exercised its discretion, with slight modification, under FRCP 55(b)(2) to require minimal proof of Discover's right to judgment. The Court required Discover to provide an affidavit, in lieu of testimony at a hearing on essential elements of the cause of action.

FRCP 55(b) provides:

> **(b) Entering a Default Judgment.**
> **(1)** *By the Clerk.*
> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk …
> **(2)** *By the Court.*
> In all other cases, the party must apply to the court for a default judgment…
> The court may conduct hearings … when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.

## II.     THE COMPLAINT AND THE INITIAL MOTION FOR DEFAULT JUDGMENT

A.    The Complaint

Except for allegations about the credit card number, the date that the case was filed and the dates and amount of the alleged credit card charge, the complaint is boilerplate that could apply to any debtor in any bankruptcy case.

With respect to allegations of *scienter* required by *Mercer* and Bankruptcy Code § 523, the only allegations are in paragraphs 12 and 13:

> 12.  Defendant incurred the debts when Defendant had no ability or objective intent to repay them.

> 13.  Defendant obtained credit extended from Plaintiff by false pretenses, false representations and/or actual fraud.

There was no specificity concerning false pretenses, false representations, or fraud. The complaint was a mere conclusory recitation of the statute.

B.    First Motion for Default Judgment

---

[1] Federal Rules of Civil Procedure (FRCP) 55(a), made applicable to bankruptcy adversary proceedings by rule 7055 of the Federal Rules of Bankruptcy Procedure (FRBP).

By order, the Court required Discover to submit an affidavit adequate to substantiate the allegations of false statement, false representation, or fraud. In that same order, the Court authorized Discover to submit an affidavit, in lieu of testimony at a hearing. Discover submitted an affidavit of its substitute custodian of records. The affidavit asserted the following facts that were allegedly "within her personal knowledge …true and correct":

> "Defendant made a representation about Defendant's ability or intent to pay, or both…The representation was knowingly false…The representation was made with the intent to deceive Plaintiff..."[2]

The Court found it incredulous that a substitute custodian of records in New York, who had presumably never met Debtor, could know of her own personal knowledge Debtor's intentions and state of mind at the time of a credit card charge on October 5, 2007. The Court declined to issue the default judgment, ordered a hearing under FRCP 55(b), and required Discover to file a memorandum of authorities.

### III.     CONCLUSIONS OF LAW

A.     FRCP 8 and Deemed Admissions

In its memorandum in support of default judgment and at a hearing on November 25, Discover argued that it was entitled to default judgment because Debtor had not answered. Discover argued that because Debtor had not denied the allegations of false representation, false statement, and fraud, they were admitted and thus sufficient to support a default judgment. As noted in the preamble, this memorandum addresses the issue of whether, and to what extent, proof is required beyond simply proof that Debtor failed to respond.

B.     The Statute

Section 523(a)(2) provides:

> A discharge under section 727… does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…

11 U.S.C. § 523(a)(2)(A).

C.     *Mercer*

---

[2] For a witness to sign an affidavit that she has personal knowledge of facts about which she has no personal knowledge is problematic at best, perjury at worst. Presumably this is just one of those cases in which counsel for Discover has become so dependent on forms that he has neglected to read them and to assure that they are correct before filing them with the Court. The Court admonishes Counsel to be more careful.

In *Mercer*, the 5th Circuit held that when a cardholder uses the card to obtain money, property, or services, the cardholder makes an implied representation that he has the ability to repay and the 5th Circuit held that the credit card issuer may rely on that representation. However, the 5th Circuit did <u>not</u> hold that merely failing to pay was adequate evidence that the cardholder did not have the ability to repay or adequate evidence that the cardholder had an intent to deceive. While the 5th Circuit held that inability to repay and intent to deceive could be inferred from circumstantial evidence, it did not hold that conclusory allegations in a complaint or in an affidavit (by someone who could not possibly have personal knowledge) was adequate.

D.    Failure to Deny Allegations Is Not Always Enough

Although FRCP 8(b)(6) provides that an allegation is deemed admitted if it is not denied, the Court has discretion to require minimal proof.

> When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered. The ability of the court to exercise its discretion and refuse to enter a default judgment is made effective by the two requirements in Rule 55(b)(2) that an application must be presented to the court for the entry of judgment and that notice of the application must be sent to any defaulting party who has appeared… This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).
>     In determining whether to enter a default judgment, the court is free to consider a number of factors that may appear from the record before it. Among these are … whether material issues of fact or issues of substantial public importance are at issue… whether the default is largely technical; … and whether the grounds for default are clearly established or are in doubt. [Wright & Miller, *Fed. Prac. & Proc. Civ. 3d*, § 2685.]
>
> … [W]hen it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default. The hearing is not considered a trial, but is in the nature of an inquiry before the judge. Moreover, it may not be necessary to present testimony to obtain a judgment on the liability issue, although liability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. [Wright & Miller, *Fed. Prac. & Proc. Civ. 3d*, § 2685.]

*Collier on Bankruptcy*, 15th Ed. summarizes the rule in the same way.

> The disposition of a motion for entry of a default judgment by the court is within the court's discretion. In exercising its discretion, the court may consider a wide variety of factors. A technical failure to plead or otherwise

    defend or a *de minimis* default should not be sufficient to warrant a default judgment. On the other hand, where the default stems from defendant's egregiously bad faith in his or her dealings with the court or opposing party, the court may properly use a default judgment against defendant as a sanction. Other factors which are often considered are the possibility of prejudice to the plaintiff; the merit of plaintiff's substantive claim; the sufficiency of the complaint; the amount at stake in the action; the possibility of a dispute concerning material facts; whether the default was due to excusable neglect; and the strong policy underlying the Federal Rules of Civil Procedure in favor of decisions on the merits. All other factors being even, a court will be less likely to enter a default judgment against a debtor or other fiduciary.

    Upon a default, the court is generally required to deem as true the well pleaded allegations of a complaint, but it is not required to agree that the pleaded facts constitute a valid cause of action. If it finds that no claim is stated, it may refuse to enter the default judgment.  Rule 55(b) allows, but does not require, the court to conduct hearings to enable it to conduct an accounting, determine the amount of damages or obtain evidence to validate any allegation or investigate any other matter. [*Collier on Bankruptcy, 15th Ed.* ¶ 7055.3]

E.    The Allegations Regarding *Scienter* Were Merely Legal Conclusions

    The complaint merely recites the statute.  They are boilerplate legal conclusions that even if not admitted are not sufficient to support a default judgment that the debt is not dischargeable.

## IV.    PROCEEDINGS SUBSEQUENT TO DENIAL OF DEFAULT JUDGMENT

    The Court denied default judgment and ordered Discover to file a memorandum of authorities and set a hearing.

A.    The Supplementary Affidavit

    In response, Discover filed a supplementary affidavit.  It was signed by the same substitute custodian of records who signed the first affidavit and asserts that the default judgment is appropriate because affiant used a computer program called FAST© that determined that there were sufficient facts to conclude that the cardholder had engaged in fraudulent conduct.  The Court finds that assertion to be inadequate.

    The affiant then asserts that she is very experienced at analyzing bankruptcy schedules and statements of financial affairs and other such documents of public record and is convinced that Debtor's conduct is within the proscriptions of Bankruptcy Code § 523.  The Court finds that fact to be inadequate.

    But affiant also asserts a number of specific facts that she found in Debtor's schedules and statement of financial affairs, including Debtor's divorce, the timing of the $8,007 charge to

the Discover card, the identity of the party to whom the charge was made, Debtor's payments in the 90 days preceding bankruptcy, proximity of the payment and the filing of bankruptcy, and the hopeless financial circumstances. Affiant asserts, and the Court agrees, that the combination of these facts constitutes adequate circumstantial evidence to support a conclusion that, at the time he incurred the credit card charge, Debtor intended not to pay the charge but to file a bankruptcy petition instead. While this circumstantial evidence might not be sufficient in other situations, in the context of a request for a default judgment it is.

## V.   CONCLUSION

While *Mercer* clearly requires some proof of *scienter* beyond merely failure to pay, and while failure to answer and failure to deny allegations of false pretenses, false representations, or fraud is not sufficient by itself, the burden of establishing that the plaintiff creditor is entitled to default judgment is exceptionally low. A conclusory affidavit is not enough, and alleging that the creditor's representative is an expert who used a computer program to scan the documents is not enough. But the additional facts asserted by the expert in her supplementary affidavit is enough in this case, after consideration of all the facts and circumstances. Therefore, by separate order issued this date, default judgment is awarded for Discover.

SIGNED 12/03/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge